UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHEED KEMMAR NELSON,

                        Petitioner,

      -against-

PAUL ARTETA, Orange County Sheriff, et al.,

                  Respondents.

26-CV-2307 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

Rasheed Kemmar Nelson is a citizen of Jamaica who entered the United States over 25 years ago on a visitor visa and long overstayed his six months of lawful admission. Dkt. 8 ¶¶ 2–4. Over the years, the New York City Police Department (NYPD) has arrested Nelson several times and Nelson has pleaded guilty to numerous violations. *Id.* ¶¶ 5–10. Eventually, Immigrations and Customs Enforcement (ICE) arrested and detained Nelson (for the first time) and placed him in removal proceedings. *Id.* ¶¶ 15–17. Nelson received a bond hearing under 8 U.S.C. § 1226(a), and the Immigration Judge initially granted bond but later revoked it, given Nelson's criminal history. *Id.* ¶¶ 22–25. Although ICE did not immediately re-detain Nelson after the Immigration Judge revoked his bond, Nelson did not appeal the revocation order, and he has since conceded removability. *Id.* ¶¶ 26, 29.

On March 4, NYPD arrested Nelson again, charging him with criminal possession of a weapon and sale and possession of a controlled substance. In light of those charges, which are pending, ICE arrested and detained Nelson (for the second time) a few days later. *Id.* ¶¶ 31–33. Then, on March 20, 2026, Nelson filed a petition for a writ of habeas corpus, together with an emergency motion for an order directing the government to show cause why the writ should not be granted. Dkts. 1, 3. Later that day, the Court ordered the government to respond to the petition by March 25 and permitted Nelson to reply by March 30. Dkt. 4.

In short, Nelson argues that the government unlawfully re-detained him after he had been granted bond. Dkt. 3 at 2–3. In response, the government highlights that the Immigration Judge had *revoked* Nelson's prior release on bond, and ICE arrested and re-detained him under § 1226(a) because he was charged with more criminal offenses, showing that he is a danger to the community. Dkt. 7 at 3–4; *see* Dkts. 6-11 (arrest warrant); 6-12 (initial custody determination). In his reply brief, Nelson now seeks to challenge the revocation order, which his former counsel was aware of and didn't appeal to the Board of Immigration Appeals. Dkt. 11. But any challenge to that revocation order is not properly before this Court.

That said, given that Nelson was re-detained under § 1226(a), the Court will give Nelson the opportunity to make his case at a bond hearing. *See Jimenez v. Joyce*, 2026 WL 251889, at *2

(S.D.N.Y. Jan. 30, 2026) (ordering bond hearing where petitioner had criminal history); *Moran v. Joyce*, 2025 WL 3632895, at *4 (S.D.N.Y. Dec. 15, 2025) (same). Nelson doesn't want a hearing before an Immigration Judge, but rather seeks release. However, that relief would be inappropriate under the circumstances. Nelson was detained (and re-detained) under § 1226(a), which permits but does not require individuals to be released on bond, and there is no challenge to the agency's initial exercise of discretion to detain him based on his pending criminal charges. Given all of that, the only relief that would be permissible would be the process that § 1226(a) and its underlying regulations affords, which is a hearing before an Immigration Judge.

Accordingly, the petition is GRANTED such that the government is ordered to provide Nelson with a bond hearing before an Immigration Judge, to be scheduled within seven days (subject to Nelson's counsel's availability). The hearing should be an individualized one, subject to the normal procedures applicable *prior* to the BIA's decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), and the Immigration Judge should consider—with fresh eyes—Nelson's personal circumstances, and any appropriate bond conditions that may mitigate any perceived risk of danger or flight.

The government should furnish this order to the Immigration Judge, and inform this Court of the disposition of Nelson's bond hearing one day after it occurs, with any audio recording or transcript to be furnished as soon as possible thereafter.

SO ORDERED.

Dated:  April 13, 2026
        New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

2